TEDDY NEAL DYE V. STATE

No. 28,241. April 25, 1956.

State's *Motion for Rehearing* Granted October 3, 1956.
Appellant's Motion for Rehearing Overruled
(Without Written Opinion) November 14, 1956.
Appellant's Application to File Second Motion for Rehearing Denied
December 5, 1956.

*Anthony L. Vetrano, Jr.* and *King C. Haynie,* Houston, for appellant.

*Dan Walton,* District Attorney, *Eugene Brady* and *Thomas D. White,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is the unlawful showing and exhibition of lewd and lascivious motion pictures, as denounced by Article 527, V.A.P.C.; the punishment, a fine of $50.00.

In view of our disposition of this cause, a recitation of the facts will not be deemed necessary other than to observe that the state called the only three witnesses who testified in the case. The first, a police officer, testified that he went to a two-room establishment located at 315 Main Street in the city of Houston (which seems to have been what is commonly known as a "Penny Arcade"), where he put quarters in three different machines and viewed an indecent film, after which he seized certain motion picture film from within machines. He stated that the appellant was not present at the place at the time he made such seizure and did not state any fact which would indicate that the appellant had any connection with the place of business located at 315 Main Street other than that he found therein a box bearing the appellant's name.

The second and third witnesses were employees of the appellant. One repaired the machines and kept them in working order, and the other was the cashier. They were as guilty of violating the law as was the appellant, and their testimony required corroboration.

We find nothing in the record to corroborate their testimony that the appellant operated the place of business located at 315

Main Street or was guilty of the violation of the law herein charged.

In the absence of such corroboration, the judgment of conviction cannot stand. Article 718, V.A.C.C.P.

The judgment is reversed and the cause remanded.

WOODLEY, Judge, dissenting.

I am unable to agree with the conclusion of my brethren that the witness Manuel Flanagan, who was employed by appellant as cashier at the Arcade, and whose testimony connected appellant with the exhibiting of the lewd films, was an accomplice witness as a matter of law.

Flanagan testified that he had not been present when films were received and so far as the testimony in this record is concerned he is not shown to have been aware of the lewd character of films which were found in the machines.

At most, the question of whether Flanagan was an accomplice witness was one of fact, which the judge as trier of facts resolved in favor of the judgment he rendered.

### ON STATE'S MOTION FOR REHEARING

DAVIDSON, Judge.

In its motion for rehearing the state presses upon us its contention that the facts do not warrant the conclusion that the witness Flanagan was an accomplice witness, as a matter of law, and that we erred in so holding originally.

Upon further consideration of the question, the conclusion is reached that the state's contention should be sustained.

Accordingly, the state's motion for rehearing is granted, the judgment of reversal is set aside, and the judgment of the trial court is now affirmed.

MORRISON, Presiding Judge, dissenting.

The position of my brethren herein is, as I see it, just as preposterous as saying that the "outside man" of a house of prostitution did not know what was going on inside. The wit-

ness was selling tickets for admission to an indecent show. I fail to see how a reasonable mind could question that he knew what was transpiring behind his ticket window.

I respectfully enter my dissent.